## BLAIR *v.* ST. LOUIS, H. & K. RY. Co. and others.[1]

### *In re* MERRIWETHER and others, Intervenors.[1]

*(Circuit Court, E. D. Missouri. January 19, 1885.)*

RAILROAD MORTGAGES—LIEN OF MATERIAL-MEN—STATUTE OF FRAUDS.

Where supplies used for rebuilding bridges, building side tracks, and in making repairs were furnished a railroad company from time to time under a continuous verbal contract made after default in the payment of the company's bonded interest, and which was not terminated until the appointment of a receiver,—more than two years after the first supplies were furnished,—*held* that, notwithstanding the statute of frauds, the material-men were, under the circumstances, entitled to judgment for the balance due them, and to a lien superior to that of the mortgage creditors, for the amount due, on the earnings of the road.

In Equity.

Exceptions to master's report on the intervening petition of Merriwether & Co. The claim of the petitioners is for ties, piling, and other timber furnished from time to time from the fourth day of November, 1881, to December 18, 1883, for services in loading ties on cars, and for money paid for repairs on an engine belonging to said road. Said supplies were furnished said railroad in pursuance of a verbal contract to continue for from two to three years, or until the firm got all of its materials out, but determinable by either party at notice if desired. This contract was entered into about the first of November, 1881. It was substantially as follows:

"In consideration of the firm of Merriwether & Co. furnishing the railroad company such ties, piling, and bridge timber as might be needed, at cost price, the railroad company would give them a rate from a point south of Eolia to Hannibal for $12 per car, and from Eolia to points north at $10 per car, for shipments of the firm's own lumber and materials. The company was to pay them along in money or freights as it was able until the termination of the contract."

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

The claim filed is for a balance of $2,762.06. The master found that the materials furnished were used for rebuilding bridges, building new side tracks, and for repairs; that said contract continued in force down to the date of the receiver's appointment; and that, though being verbal, it was within the statute of frauds, yet it was sufficient in equity, under the circumstances, to entitle the intervenors to a lien, and that they were entitled to a judgment for $2,759.94, with interest at the rate of 6 per cent. per annum from the date of the receiver's appointment, and to an equitable lien for said sum, prior in right to that of the mortgage sued on, to be paid out of the earnings of the company. The first default in the payment of the company's bonded interest was on April 1, 1881. The receiver was appointed February 7, 1884. The master does not refer specifically in his report to the item for money paid for repairing the locomotive or that for loading the cars, but as substantially the whole amount claimed was allowed, it is presumed that he considered both items due under said contract.

*Walter C. Larned* and *Theo. G. Case,* for complainants.

*John O'Grady,* for receiver.

*Dyer, Lee & Ellis,* for intervenors.

TREAT, J. It may be considered as an established rule of equity that where receivers are appointed the court may determine, under all the facts and circumstances, what demands prior to such appointment may be allowed as prior in right to the mortgage. In this case, Judge BREWER, reviewing the authorities, cursorily intimated that demands which had accrued within six months prior to the appointment of a receiver, if they pertained to betterments, or the current necessary operations of the road, should be considered as equitable demands prior in right to the mortgage. There are two propositions underlying the rulings of the courts: *First.* When, under the conditions of a mortgage, the mortgagee, after default, permits the corporation to still operate the road, the operations thereafter must be considered for the benefit of the mortgagee, and all others in interest, especially if betterments accrue therefrom. *Second.* To prevent the indefinite extension of such claims, the courts limit the time within which such demands may be pursued.

The case before the court presents this condition of affairs, viz.: that under an indefinite contract the intervenors, subsequent to default in the mortgage, continued to furnish materials for the equipment of the road; the account, debit and credit, continuing to the appointment of a receiver. The question is not within the narrow rules governing statutes of frauds, but as to the rights of the parties under the equitable principles stated. The mortgagee could have taken possession of the road under default, had he so elected. He preferred that the corporation should still continue to operate the road, certainly as much for his benefit as that of other parties. Why, then, as after-acquired property is to be included within his mortgage,

should he not deal with said betterments according to equitable rules ? True, there should be, as stated by Judge Brewer, some limit to the enforcement of such alleged obligations,—fixed in this case at six months. But if the contract was a continuous one, to the benefit of all concerned, mortgagee included, and final settlement not made until the appointment of a receiver, should this case fall within the six-months rule? The distinction is an obvious one. Where a person furnishes, from day to day, ordinary supplies to a corporation, he is, as to the same, a creditor at large. When a default as to a mortgage subsequently occurs, such general demands cannot be treated as prior in right to the mortgage, except under the special circumstances named in adjudged cases, viz., where such demands are current, and essential to maintain the corporation as a going concern, such as continuous labor, etc. This rule pertains to such demands existing prior to the mortgage defaults.

The other class of cases, of which that before the court is one, rests on an additional reason, namely, that if the mortgagee, instead of enforcing his rights, elects to have the corporation operate the concern, he must be considered in equity as estopped from disputing that such operations were for his benefit, and to be accounted for in the final adjustment of the rights of all concerned. Hence, in this case, it appears that long subsequent to the default, and continuously thereafter down to the intervention of the mortgagee for the appointment of a receiver, the demand in question was progressing for the betterments of the road, without objection from any one. Ordinarily, demands as to items accruing prior to the time limited (as, in this case, for six months) would be excluded, as heretofore stated. But here the contract was incomplete until the appointment of a receiver, and consequently must be treated as falling within the equitable rule. The exceptions to the report overruled. Report confirmed.